Beth Creighton, OSB #972440
E-mail: *beth@civilrightspdx.com*
CREIGHTON & ROSE, PC
65 S.W. Yamhill Street, Suite 300
Portland, Oregon  97204
Phone: (503) 221-1792 - Fax: (503) 223-1516

Harold Lichten, MA Bar #549689 *(pro hac vice anticipated)*
hlichten@llrlaw.com
Olena Savytska, MA Bar #693324 *(pro hac vice anticipated)*
osavytska@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Phone: (617) 994-5800 - Fax: (617) 994-5801

David M. Blanchard, MI P#67190 *(pro hac vice anticipated)*
blanchard@bwlawonline.com
Daniel Tai, MI P#76798 *(pro hac vice anticipated)*
tai@bwlawonline.com
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Phone: (734) 929-4313

Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **JILL KILEY and MARCUS PAYNE, individually and on behalf of all others similarly situated,** | Civil Action No. _____ |
| Plaintiffs, | **COLLECTIVE ACTION COMPLAINT** |
| vs. | (FLSA 29 U.S.C. § 207(a)(1)) |
| **MEDFIRST CONSULTING HEALTHCARE STAFFING, LLC,** | |
| Defendants. | |

PAGE 1 – COLLECTIVE ACTION COMPLAINT

CREIGHTON & ROSE, PC  ATTORNEYS AT LAW
65 SW Yamhill Street #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

Plaintiffs Jill Kiley and Marcus Payne, through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Collective Action Complaint against Defendant MedFirst Consulting Healthcare Staffing, LLC ("Defendant" or "MedFirst"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA").[1] Plaintiffs allege that although Defendant classified them and other similarly situated consultants as independent contractors, they were in fact Defendant's employees for purposes of the FLSA and were not paid overtime wages when they worked over forty (40) hours in a week. The following allegations are based on personal knowledge as to Plaintiffs' own conduct, and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to Plaintiff's claims occurred within this Judicial District.

## PARTIES

3. Plaintiff Jill Kiley is an individual residing in St. Petersburg, Florida. Kiley worked for Defendant as a consultant providing information technology support services to Defendant's clients in Klamath Falls, Oregon between August 2015 and September 2016, in Winston-Salem North Carolina in October 2016, and in Pittsburgh, Pennsylvania from September to December 2014.

4. Plaintiff Marcus Payne is an individual residing in South Euclid, Ohio. Payne worked for Defendant as a consultant providing information technology support services to Defendant's clients in Medford and Klamath Falls, Oregon and Vincennes, Indiana between 2013 and 2016.

---

[1] Plaintiffs also intend to bring claims under Oregon state law, once those claims are perfected.

PAGE 2 – COLLECTIVE ACTION COMPLAINT

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill Street #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

5.  Defendant MedFirst Consulting Healthcare Staffing, LLC ("MedFirst") is a corporation providing information technology and educational services for the healthcare industry across the country. MedFirst maintains its corporate headquarters in Birmingham, Alabama.

6.  MedFirst is a leading healthcare information technology firm with a network of hundreds of healthcare IT consultants. "MedFirst works with health care organizations of all sizes across the United States, partnering them with the most knowledgeable and experienced IT consultants in the industry."[2]

7.  MedFirst employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

8.  MedFirst's annual gross volume of sales made or business done exceeds $500,000.

## FACTS

9.  As a leading healthcare information technology firm, MedFirst provides healthcare systems implementation support services, such as training and information technology support. MedFirst employs consultants, such as Plaintiffs, who provide such information technology support in the healthcare industry in this judicial district and throughout the United States.

10. MedFirst's financial results are significantly driven by the number of consultants performing information technology support services for MedFirst's customers and the fees that MedFirst charges the customers for these services.

11. From approximately August 2015 to September 2016, Plaintiff Jill Kiley was employed as a consultant by MedFirst in Klamath Falls, Oregon. She also worked in Winston-Salem North Carolina in October 2016, and in Pittsburgh, Pennsylvania from September to December 2014.

---

[2] http://www.medfirst-consulting.com/about.aspx (last visited March 2, 2017).

PAGE 3 – COLLECTIVE ACTION COMPLAINT

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill Street #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

12.     Between April 2013 and March 2016, Plaintiff Marcus Payne has been employed as a consultant by MedFirst in Medford, Oregon, Klamath Falls, Oregon, and Vincennes, Indiana.

13.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following opt-in litigants ("FLSA Class Members"):

> All individuals who were classified as independent contractors while performing consulting work for MedFirst Consulting Healthcare Staffing, LLC ("MedFirst") in the United States from March 23, 2014 to the present.

14.     MedFirst improperly, wrongfully and illegally classified Plaintiffs and other consultants as independent contractors, when the economic reality of the position is that of an employee, and MedFirst retains the right of control, and, in fact, actually does control the work of the consultants.

15.     Plaintiffs and FLSA Class Members routinely worked in excess of forty (40) hours per workweek but, as a result of this misclassification, MedFirst did not pay them any overtime compensation as required by the FLSA.

16.     For example, in most weeks she worked for Defendant, Plaintiff Kiley regularly worked 12 hours a day, 7 days a week, plus "on-call time" and was only paid a straight hourly rate – and only for her billed hours.

17.     Plaintiffs and FLSA Class Members qualify as employees for purposes of the FLSA, as further described below.

18.     Work performed by Plaintiffs and FLSA Class Members is an integral part of MedFirst's business.  MedFirst is in the business of providing information technology services to the healthcare industry. Plaintiffs and FLSA Class Members provide information technology support and training to MedFirst's clients.

19.     MedFirst provides training to Plaintiffs and FLSA Class Members, which they use to provide basic information technology support to MedFirst's clients.

PAGE 4 – COLLECTIVE ACTION COMPLAINT

CREIGHTON & ROSE, PC   ATTORNEYS AT LAW
65 SW Yamhill Street #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

20.     Plaintiffs and FLSA Class Members are unable to perform services for any other company during their time working for MedFirst due to their schedule.

21.     Plaintiffs were required to sign "restrictive covenant" agreements that prohibited them from working for competitors in the "go-live training and consulting industry" during and for a year after their last engagement with Defendant.

22.     Plaintiffs and FLSA Class Members work for one MedFirst client continuously at a time.  For example, Plaintiff Kiley worked at the same hospital in Klamath Falls, Oregon continuously for 13 months.

23.     Plaintiffs and FLSA Class Members have little or no authority to refuse or negotiate MedFirst's rules and policies; they must comply or risk discipline and/or termination.

24.     MedFirst instructs Plaintiffs and FLSA Class Members on how to do their work and dictates the details of the performance of their jobs.  Plaintiffs and FLSA Class Members have no control over what prices to charge MedFirst's clients, or the scheduling of shifts. All negotiations over the cost and details of the work are done directly between MedFirst and the third-party client.  MedFirst requires Plaintiffs and FLSA Class Members to perform in accordance with MedFirst's policies, manuals, standard operating procedures and the third-party client requirements, and requires Plaintiffs and FLSA Class Members to work the entire project from inception to conclusion.

25.     Plaintiffs and FLSA Class Members have to request MedFirst's approval for time off.  MedFirst had final discretion to grant or deny such requests.

26.     MedFirst pays Plaintiffs and the FLSA Class Members a fixed hourly rate, which they are not able to negotiate.

27.     Plaintiffs and FLSA Class Members usually work approximately twelve (12) hours per day, seven (7) days per week.

28.     Although Plaintiffs and FLSA Class Members frequently are required, permitted or encouraged to work more than forty (40) hours per week, they do not receive one and one-half

PAGE 5 – COLLECTIVE ACTION COMPLAINT

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill Street #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

(1 ½) times their regular rate for hours worked in excess of forty (40) hours per week, as required by the FLSA.

29. Instead, Plaintiffs and FLSA Class Members are paid a straight hourly rate for hours that they worked, regardless of whether they work more than forty hours in a week.

30. Plaintiffs and FLSA Class Members are employed as information technology support for software applications and programs provided by MedFirst. Plaintiff and FLSA Class Members are not working as computer systems analysts, computer programmers, or software engineers as defined in 29 C.F.R. §541.400(a).

31. Plaintiffs' and FLSA Class Members' duties consist of providing software support to MedFirst's healthcare clients and aiding healthcare staff with the new software. Plaintiff and Class Members' duties do not include the "application of systems analysis techniques and procedures" pursuant to 29 C.F.R. §541.400(b)(1). Plaintiffs and FLSA Class Members do not analyze, consult or determine hardware, software programs or any system functional specifications for MedFirst's clients. *See id.*

32. Plaintiffs and FLSA Class Members did not design, develop, document, analyze, create, test or modify a computer system or program as defined in 29 C.F.R. §541.400(b)(2).

33. While Plaintiffs' and FLSA Class Members' "work is highly dependent upon, or facilitated by, the use of computers and computer software programs," they are not "primarily engaged in computer systems analysis and programming." U.S. Dep't of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiffs and FLSA Class Members provided software support to MedFirst's clients.

34. Plaintiffs and FLSA Class Members are not paid a minimum guaranteed salary. Instead, Plaintiffs and Class Members are paid hourly and paid only for the time actually billed.

///

///

PAGE 6 – COLLECTIVE ACTION COMPLAINT

CREIGHTON & ROSE, PC  ATTORNEYS AT LAW
65 SW Yamhill Street #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

## COUNT I

## VIOLATION OF THE FLSA

## (ON BEHALF OF PLAINTIFFS AND THE CLASS)

35. All previous paragraphs are incorporated as though fully set forth herein.

36. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. See 29 U.S.C. § 207(a)(1).

37. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee…" 29 U.S.C. § 203(d).

38. MedFirst is subject to the wage requirements of the FLSA because MedFirst is an "employer" under 29 U.S.C. § 203(d).

39. At all relevant times, MedFirst was an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

40. During all relevant times, Plaintiffs and FLSA Class Members were covered employees entitled to the above-described FLSA's protections. See 29 U.S.C. § 203(e).

41. Plaintiffs and the FLSA Class are not exempt from the requirements of the FLSA.

42. Plaintiffs and the FLSA Class are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

43. MedFirst, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the FLSA Class for all their overtime hours worked by misclassifying Plaintiffs and the FLSA Class as independent contractors, thereby exempting them from the requirements of the FLSA.

44. MedFirst knowingly failed to compensate Plaintiffs and the FLSA Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty

PAGE 7 – COLLECTIVE ACTION COMPLAINT

CREIGHTON & ROSE, PC   ATTORNEYS AT LAW
65 SW Yamhill Street #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

(40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

45. In violating the FLSA, MedFirst acted willfully and with reckless disregard of clearly applicable FLSA provisions.

46. In violating FLSA, on information and belief, MedFirst did not have any good faith basis to rely on any legal opinion or advice to the contrary.

**WHEREFORE** Plaintiffs request that this Court enter the following relief:

a. Certify a collective action pursuant to 29 U.S.C. 216(b) and authorize the issuance of notice to similarly-situated consultants;

b. Award unpaid overtime compensation;

c. Award liquidated damages under the FLSA;

d. Award all interest, costs and attorney's fees incurred prosecuting this claim;

e. Such other relief as in law or equity may pertain.

March 23, 2017                    Respectfully Submitted,

                                  JILL KILEY AND MARCUS PAYNE,
                                      individually and on behalf
                                      of all others similarly situated,

By their attorneys,

                                  CREIGHTON & ROSE, PC.

                                   s/ Beth Creighton
                                  Beth Creighton, OSB #972440
                                  E-mail: beth@civilrightspdx.com
                                  Michael E. Rose, OSB #753221
                                  E-mail: mrose@civilrightspdx.com

                                  Harold Lichten, MA Bar #549689 *(pro hac vice anticipated)*
                                  hlichten@llrlaw.com
                                  Olena Savytska, MA Bar #693324 *(pro hac vice anticipated)*
                                  osavytska@llrlaw.com

                                  David M. Blanchard, MI P#67190 *(pro hac vice anticipated)*
                                  blanchard@bwlawonline.com
                                  Daniel Tai, MI P#76798 *(pro hac vice anticipated)*
                                  tai@bwlawonline.com

PAGE 8 – COLLECTIVE ACTION COMPLAINT

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill Street #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com