FILED

2019 Jul-30  PM 06:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JILL KILEY, MARCUS PAYNE,** | ) | |
| **BRITTNEY RELLIFORD,** | ) | |
| **BABATUNDE OLASEINDE,** and | ) | CIVIL ACTION NO. |
| **ROBERT FARLEY,** individually | ) | 2:17-cv-01756-RDP |
| and on behalf of all others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **MEDFIRST CONSULTING** | ) | |
| **HEALTHCARE STAFFING, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND COMPLAINT

Defendant MedFirst Consulting Healthcare Staffing, LLC ("MedFirst") hereby responds to Plaintiffs' Motion to Amend Complaint (ECF No. 204; "Plaintiff's Motion").

## I.     Introduction

Plaintiffs' request to add Mr. Brian Smith as a defendant bears no connection to any recent development in this matter.  From an early stage in the case, Plaintiffs have fully understood Mr. Smith's role with MedFirst and his involvement in the alleged misclassification at the heart of this case.  MedFirst has also repeatedly

reminded Plaintiffs, throughout this litigation, that MedFirst itself is a particularly small fish in the "go-live" industry, with an exceedingly lean operation and limited financial resources, and that it simply cannot afford to meet the lofty settlement expectations of Plaintiffs.   The only new development was MedFirst's recent willingness to attend a mediation in August.  That event, however – and MedFirst's subsequent realization that Plaintiffs still expect far more out of settlement than MedFirst can possibly provide (or that the merits warrant) – cannot possibly explain or otherwise justify the extraordinary delay in Plaintiffs' attempt to add Mr. Smith as a defendant.  Based on Plaintiffs' undue delay and the absence of good cause for amendment, Plaintiffs' Motion should be denied pursuant to Federal Rule of Civil Procedure 15(a) and 16(b).

## II.    Facts

From the earliest communications between counsel and appearances before this Court – dating back to January 2018 – defense counsel has consistently explained that MedFirst is a small player in the industry with minimal resources. *See* Declaration of John A. Berg ("Berg Dec."), ¶ 2.  Further, each time counsel for Plaintiffs raised Plaintiffs' desire to settle (and Plaintiffs have broached the topic intermittently throughout the case), defense counsel advised that Plaintiffs' settlement expectations exceed MedFirst's means.  *See* Berg Dec., ¶ 3.[1]  Even MedFirst's filings with the Court reflect MedFirst's limited financial resources.  For example, when MedFirst summarized the status of on-going issues in discovery on March 26, 2019, MedFirst reminded Plaintiffs that it "can hardly afford to defend itself, let alone depose every opt-in." *See* ECF No. 178 (Joint Status Report).  And,

---

[1]  In addition to direct communications with defense counsel, Plaintiffs' counsel understood from their settlement with MedFirst's largest client (Leidos) in December 2018 – requiring the conversion of Leidos' contractors to employees, and excluding MedFirst Consultants from the Settlement Class – that MedFirst faced a drastic decline in business.  *See* Berg Dec., ¶ 4, Ex. A, ¶¶ 16(y) and 43 (ECF No. 132-2; Case No. 1:17-cv-03237-RLM-DLP; S.D. Ind.).

when Mr. Matthew Stiles withdrew his appearance on April 1, 2019, Mr. Stiles explained that he was doing so, in part, to "reduce[] costs to Defendant." *See* ECF No. 179 (Motion to Withdraw).

At the same time, Plaintiffs have also understood Mr. Smith's position with MedFirst, including his role as a signatory to the Independent Contractor Agreements in question, from the very beginning of this dispute. *See* ECF No. 1, attachment 1-3 (02/23/17 Summons containing Mr. Smith's home address); ECF No. 20, p. 1 (05/02/17 Affidavit of Service Summons reflecting service of process on Mr. Smith's home address); ECF No. 43 (08/08/17 Declaration of Brian Smith attaching Independent Contractor Agreements signed by him); *see also* Plaintiffs' Motion, p. 2 ("[Smith] countersigned all the independent contractor agreements with Plaintiffs and opt-ins"), p. 4 ("Mr. Smith's home is in fact the location of MedFirst's corporate headquarters."). If there was any confusion, MedFirst cleared it up nearly a year ago – back on August 22, 2018 – when MedFirst responded to Plaintiff's First Set of Interrogatories asking MedFirst to "identify all individuals involved in the decision, policy or practice to classify Consultants as independent contractors or otherwise deny payment for overtime." *See* Berg Dec., ¶ 5, Ex. B, p. 3, No. 5. In response, MedFirst confirmed that "Brian Smith, MedFirst President and CEO, made the classification decision." *Id*.

Yet, when Plaintiffs first amended their Complaint on January 5, 2018, Plaintiffs chose not to name Mr. Smith as a defendant. *See* ECF No. 95 (First Amended Complaint). Then, when the court-ordered deadline for the amendment of pleadings passed on August 31, 2018, Plaintiff failed to name Mr. Smith. *See* ECF No. 138 (Preliminary Scheduling Order), p. 2; *see also* ECF No. 164 (Scheduling Order). And, when Plaintiffs filed their third complaint on September 12, 2018, Plaintiffs still omitted Mr. Smith as a defendant. *See* ECF No. 148 (Second Amended Complaint).

## III.    Analysis

Plaintiffs rely exclusively on Federal Rule of Civil Procedure 15(a), and suggest that Rule 15's standard "circumscribes" the Court's discretion to deny amendment.  *See* ECF No. 204, p. 3.  Plaintiffs' reliance is misplaced, and their suggestion is mistaken.  "When a party seeks leave to amend his complaint after the deadline set forth in a scheduling order, … the party must [first] demonstrate "good cause" [under Federal rule of Civil Procedure 16(b)] for why leave to amend the complaint should be granted."  *Girard v. Aztec RV Resort, Inc.*, No. 10-62298-CIV, 2011 WL 7962612, at *2–3 (S.D. Fla. Oct. 4, 2011) (internal citations omitted); *Lucas v. USAA Cas. Ins. Co.*, 716 F. App'x 866, 870–71 (11th Cir. 2017) ("When a party seeks leave to amend after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."); *Vazquez v. LCM Inv. Grp., Inc.*, No. 6:05CV59-ORL-28DAB, 2006 WL 4835922, at *2–3 (M.D. Fla. Aug. 24, 2006) ("[t]o consider Rule 15(a) without regard to Rule 16(b) ... would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").

Compared to Rule 15(a), Rule 16(b) imposes a "more stringent" standard for Plaintiffs and affords the court full discretion irrespective of prejudice to Defendant:

> Good cause exists [for amendment] when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline passed. Further, even if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made.  In this regard, a court's evaluation of good cause under Rule 16 is more stringent than its inquiry into the appropriateness of an amendment under Rule 15. Accordingly, the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments that have expired.

*Girard*, 2011 WL 7962612, at *2–3 (denying amendment where plaintiffs failed to establish "good cause" for belatedly filing the motion based on facts that should have been known by plaintiffs earlier in the litigation) (internal citations and quotations omitted).

In short, Plaintiffs bear the significant burden of "demonstrat[ing] that the scheduling order deadline [of August 31, 2018] could not have been met "'despite the diligence of [Plaintiffs] seeking the extension.'" *Vazquez v. LCM Inv. Grp., Inc.*, No. 6:05CV59-ORL-28DAB, 2006 WL 4835922, at *2–3 (M.D. Fla. Aug. 24, 2006); *Lucas v. USAA Cas. Ins. Co.*, 716 F. App'x 866, 870–71 (11th Cir. 2017) (Rule 16(b) "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension"; finding no good cause where plaintiff failed to exercise diligence in curing deficiencies) (internal citations and quotation marks omitted); *see also Breland v. Levada EF Five, LLC*, No. CV 14-158-CG-C, 2015 WL 13015999, at *2–4 (S.D. Ala. Sept. 30, 2015) ("The burden of establishing good cause / diligence rests squarely on the party seeking relief from the scheduling order.").[2]

"If a motion for leave to amend survives scrutiny under Rule 16, the Court may consider whether amendment is proper under Rule 15(a)." *Girard*, 2011 WL 7962612, at *2–3. Although "[l]eave to amend shall be freely given when justice so requires," a motion to amend may be denied under Rule 15(a) on "numerous grounds" such as "undue delay, undue prejudice to the defendants, and futility of the amendment." *Gulf Coast Visuals Mgmt. Co., LLC v. Wedelstedt*, No. 2:17-CV-121-TMP, 2018 WL 1244497, at *3–4 (N.D. Ala. Mar. 9, 2018); *Moore v. McNeil*, No.

---

[2] Courts also retain "sound discretion" under Federal Rule of Civil Procedure 20(a) where, as here, a plaintiff attempts to add a new party. *See Advisor's Capital Investments, Inc. v. Cumberland Cas. & Sur. Co.*, No. 8:05CV404T23MAP, 2007 WL 1521616, at *1 (M.D. Fla. May 24, 2007) (denying amendment days after unsuccessful mediation based on failure to explain why the proposed new defendants were not added when plaintiffs previously amended their pleading).

09-22754-CIV, 2011 WL 7145754, at *2 (S.D. Fla. Aug. 10, 2011), *report and recommendation adopted*, No. 09-22754-CIV, 2012 WL 370318 (S.D. Fla. Feb. 3, 2012) ("Courts can refuse to allow an amendment to a complaint where there has been undue delay, dilatory motive or repeated failure to cure.").

On the issue of undue delay, courts consider "the amount of time and opportunities the movant has had to seek leave to amend, whether the proposed amendment is such that [it] could have been added shortly after the complaint was filed, whether allowance of the proposed amendment would ... [require] additional discovery, [and] whether the movant has attempted to justify any delay …" *Maestas-Kaufman v. Hannah*, No. 714CV02258AKKSGC, 2016 WL 5349692, at *2 (N.D. Ala. Sept. 26, 2016).  To be sure, "[w]hen a plaintiff seeks to amend his complaint a year or more after the initiation of the action, courts in [the 11th] Circuit regularly find undue delay … [and], when a plaintiff fails to state a reason for failing to amend earlier, such as newly discovered facts, a change in law, or other mitigating circumstances, denying the motion to amend is especially proper."  *Marchelletta v. Bergstrom*, No. 1:14-CV-02923-ELR, 2017 WL 5505301, at *1–2 (N.D. Ga. Feb. 15, 2017), *aff'd*, 752 F. App'x 724 (11th Cir. 2018) (internal citations omitted).

### A.    Plaintiff's Clearly Fail to Establish Good Cause and Due Diligence under Rule 16(b).

Plaintiffs do not even attempt to demonstrate good cause under Rule 16(b). This, alone, is fatal to their Motion.  *See Anderson v. Bd. of Sch. Comm'rs of Mobile Cty., Ala.*, 78 F. Supp. 2d 1266, 1268–69 (S.D. Ala. 1999) (denying amendment filed after scheduling order deadline where plaintiff failed to address Rule 16).  Even if Plaintiffs made their best case for "good cause," no such cause exists.

Under Rule 16(b), courts evaluate such factors as whether "1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment

was available to the plaintiff; and 3) even after acquiring the information, the plaintiff delayed in asking for amendment." *Vazquez v. LCM Inv. Grp., Inc.*, No. 6:05CV59-ORL-28DAB, 2006 WL 4835922, at *2–3 (M.D. Fla. Aug. 24, 2006). In this case, all of these factors favor denial of Plaintiffs' Motion. Well in advance of this Motion, Plaintiffs understood that MedFirst faced limited financial resources and that "Brian Smith, MedFirst President and CEO, made the [contested] classification decision." *Supra*, Section II. Yet, Plaintiffs made no attempt to add Mr. Smith as a defendant at that point, or any other, including when they amended their pleading a second time on September 12, 2018. *Id.*

Where, as here, a motion to amend rests on stale information, and without any showing of diligence, courts have not hesitated to deny amendment. *See, e.g., Caudle v. Goodyear Tire & Rubber Co.*, No. 2:08-CV-01664-HGD, 2009 WL 10704133, at *2 (N.D. Ala. Mar. 13, 2009) ("[I]t was not an abuse of discretion to deny a motion to amend filed after the scheduling order deadline, where the information supporting the amendment was available to the plaintiff even before she filed suit."); *Anderson*, 78 F. Supp. 2d at 1268–69 (denying amendment where "plaintiffs neither cite Rule 16(b) in their motions nor offer any good cause for filing their proposed amendments after the scheduling order deadline"); *Blake v. Batmasian*, No. 15-81222-CIV, 2016 WL 7447253, at *2–3 (S.D. Fla. Sept. 15, 2016) (denying amendment under Rule 16 where plaintiff waited to move to add parties until after conditional certification was pending, without exercising diligence, and could not meet Rule 20 requirements for joinder of additional parties); *Vazquez v. LCM Inv. Grp., Inc.*, No. 6:05CV59-ORL-28DAB, 2006 WL 4835922, at *2–3 (M.D. Fla. Aug. 24, 2006) (denying amendment under Rule 16 where plaintiffs failed to show good cause or diligence because they knew other opt-ins existed at time initial complaint filed and could have added as plaintiffs prior to deadline); *Thompson v. 1715 Northside Drive, Inc.*, No. 1:14-CV-00390-RWS, 2015

WL 1819869, at *3 (N.D. Ga. Apr. 22, 2015) (denying amendment to add defendants after conditional certification and after scheduling order deadline passed as plaintiff could not meet Rule 16(b) standard because plaintiff was aware of defendants prior to the scheduling order deadline).

### B. Plaintiffs' Undue Delay Also Warrants Denial of Amendment under Rule 15(a).

Even if Plaintiffs satisfy Rule 16(b), Plaintiffs' Motion should be denied under Rule 15(a) given the amount of time that has passed with Plaintiffs possessing full knowledge of the relevant facts and circumstances.  Indeed, the courts of the 11th Circuit have repeatedly denied amendment under similar circumstances.  *See, e.g.,* *Moody v. Shoultes*, No. 5:15-CV-325(MTT), 2017 WL 2656023, at *2 (M.D. Ga. June 20, 2017) (denying amendment for undue delay as plaintiff failed to justify ten-month delay in filing motion and, in the alternative, finding futility of amendment); *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (finding district court properly denied amendment based on undue delay where plaintiff filed motion six months after amendment deadline and offered no explanation for tardiness); *Wright v. Chatman*, No. 516CV00490TESMSH, 2019 WL 1510339, at *2 (M.D. Ga. Mar. 11, 2019), *report and recommendation adopted*, No. 516CV00490TESMSH, 2019 WL 1510326 (M.D. Ga. Apr. 5, 2019) (denying amendment where plaintiff acted with undue delay in moving to amend over a year after filing the first amended complaint and almost two years since filing the initial complaint, as plaintiff failed to demonstrate that he was unaware of the proposed new defendants at the time he filed the original or first amended complaint and failed to provide an explanation for not acting sooner); *Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.*, 184 F.R.D. 674, 679 (M.D. Fla. 1999) (denying amendment based, in part, on undue delay where plaintiff had learned no new facts or information to support proposed amendment); *Moore v. McNeil*, No. 09-22754-

CIV, 2011 WL 7145754, at *2 (S.D. Fla. Aug. 10, 2011), *report and recommendation adopted*, No. 09-22754-CIV, 2012 WL 370318 (S.D. Fla. Feb. 3, 2012) (denying amendment after multiple opportunities to amend because plaintiff should have been aware of the proposed new defendants when the complaint was filed); *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013), *overruled on other grounds by CSX Transp., Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333, 1340 (11th Cir. 2017) (affirming denial of amendment to add new claims as plaintiff knew the relevant facts before filing initial complaint; "[a] district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings."); *see also Moore v. Performance Pressure, Pumping Servs., LLC*, No. 5:15-CV-346, 2016 WL 11547154, at *2 (W.D. Tex. Mar. 7, 2016) (denying amendment adding individual defendants despite the fact that plaintiff believed corporate defendants may become insolvent because conditional certification had been granted and amendment would cause undue delay without explanation, as plaintiffs previously knew of the proposed individual defendants).

### C.   The Requested Amendment Unduly Prejudices Mr. Smith.

While Plaintiffs' motion fails for independent reasons described above, the requested amendment also impinges on Mr. Smith's right to defend himself in this case.  In the 21 months that this case has been pending in this Court, Mr. Smith's individual interests have not been represented.  For example, the Court granted conditional certification without Mr. Smith having any opportunity to individually participate, in light of his own alleged liability – by staying the motion pending certification-specific discovery, defending the motion on other grounds, or any other action.

Where, as here, the new party's rights are impinged in such a manner, courts either deny amendment or grant it conditionally – with a new schedule or other measures neutralizing prejudice. *See Reese v. Herbert*, 527 F.3d 1253, 1263–64 (11th Cir. 2008) (affirming the denial of motion to amend "because … granting [it] would have caused the defendants undue prejudice, as they would not have been able to conduct further discovery"); *Rolle v. Branch Banking & Tr. Co.*, No. 13-60976-CIV, 2014 WL 11638588, at *8 (S.D. Fla. May 28, 2014) ("reliev[ing prejudice] by an extension of the pretrial deadlines"). Here, however, conditional certification and the collective proceedings that followed cannot easily be reversed. This alone constitutes undue prejudice. *See, e.g., Bass v. PJCOMN Acquisition Corp.*, No. 09-CV-01614-REB-MEH, 2011 WL 1322020, at *7 (D. Colo. Apr. 5, 2011), *report and recommendation adopted*, No. 09-CV-01614-REB-MEH, 2011 WL 2149873 (D. Colo. June 1, 2011) (denying amendment after conditional certification based on undue delay and prejudice); *Ford v. Townsends of Arkansas, Inc.*, No. 4:08-CV-00509-BSM, 2009 WL 10676832, at *2–3 (E.D. Ark. Oct. 21, 2009) (denying third amendment to add additional parties after motion for conditional certification had been filed because it would be prejudicial to have to re-open class discovery and cause additional delay).

## IV.     Conclusion

Plaintiffs' Motion should be denied for the three independent reasons, any one of which is sufficient to bar amendment.  First, Plaintiffs fail to carry their burden of demonstrating good cause and due diligence under Rule 16(b).  Second, even if Plaintiffs satisfy Rule 16(b)'s stringent standard, Plaintiffs' undue delay requires the denial of the Motion under Rule 15(a).  Lastly, the threat of prejudice to Mr. Smith's individual interests further warrants the continuation of the status quo on his status as a non-party.

For these reasons, and those described above, Defendant MedFirst Consulting Healthcare Staffing, LLC respectfully requests an order (1) denying Plaintiffs' Motion, and (2) lifting the stay to permit the case to proceed as pled.

Respectfully submitted this 30th day of July, 2019.

*/s/  John A. Berg*
John A. Berg 120018
jberg@littler.com
Littler Mendelson, P.C.
121 SW Morrison
Suite 900
Portland, OR  97204
Telephone: 503.221.0309
Facsimile: 503.242.2457

Stacey T. Bradford ASB-6523-U84S
Attorneys for Defendant
Littler Mendelson, P.C.
420 20th Street North, Suite 2300
Birmingham, AL  35203
205.421.4700
sbradford@littler.com

*Attorneys for Defendant*

-11-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 30, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiffs.

<u>     <i>/s/ Laura M. Lucero</i>     </u>

FIRMWIDE:165771261.1 095258.1001