UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JILL KILEY, MARCUS PAYNE, | ) | |
| BRITTNEY RELLIFORD, | ) | |
| BABATUDE OLASEINDE and | ) | |
| ROBERT FARLEY, | ) | |
| individually and on behalf of all | ) | Civil Action No. 2:17-cv-01756-RDP |
| others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEDFIRST CONSULTING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFFS' RENEWED MOTION TO AMEND COMPLAINT**

I.     **INTRODUCTION**

Plaintiffs Jill Kiley and Marcus Payne, Brittney Relliford, Babatude Olaseinde and Robert Farley hereby submit their renewed motion to amend the Complaint in this case to add Brian Smith as a Defendant. As previously disclosed to the Court in the October 15, 2019 Joint Status Report (Dkt. 217), the Parties participated in an in-person mediation before mediator Fern Singer in Birmingham, Alabama on September 24, 2019, and despite subsequent settlement discussions, have been unable to resolve the claims in this litigation.

Following this unsuccessful settlement process, Plaintiffs' Counsel have recently been informed by several Opt-in Plaintiffs that MedFirst has ceased operations. See Declaration of Olena Savytska ("Savytska Decl.") ¶ 2.   On October 22, 2019, Plaintiffs' Counsel sought confirmation of this information and to meet and confer on this issue with counsel for MedFirst. Id. ¶ 3.   MedFirst's counsel declined to answer the question directly, and provided an evasive

1

response. Id. Although MedFirst may have now closed its doors, Mr. Smith, its President and CEO, boasts of having several other lucrative businesses on his LinkedIn profile. Id. ¶ 4; Ex. 2. Now more than ever, it is imperative to add Mr. Smith as a Defendant in order to protect the claims of Plaintiffs and the Opt-In Plaintiffs in this case.

Plaintiffs previously moved the Court to add Mr. Smith as a defendant in his individual capacity on July 20. 2019. Dkt. 203. As explained in that original motion, Plaintiffs were seeking to add Mr. Smith as a Defendant in order to preserve Plaintiffs' and the Opt-In Plaintiffs' claims in this case, and were doing so in response to MedFirst's counsel informing Plaintiffs' Counsel that MedFirst did not have the financial capacity to fund a settlement after having unilaterally cancelled the mediation.

The Court subsequently set a status conference on August 13, 2019. Dkt. 204. At the conference, the Court encouraged the parties to once again set a mediation date; ordered MedFirst to provide Plaintiffs' Counsel with financial data; and denied Plaintiffs' Motion to Amend without prejudice. Dkt 212. MedFirst did provide certain financial data, which Plaintiffs' Counsel analyzed, and the Parties subsequently agreed to schedule a new meditation session with Fern Singer, and the meditation session took place on September 24, 2019. See Dkts. 215, 217. As described above, the Parties continued settlement discussions, with the mediator's assistance, through the week of October 6th, but were unable to reach a resolution. Dkt. 217.

Plaintiffs now renew their motion to amend their Complaint to add claims against Brian Smith, the President and CEO of MedFirst Consulting Healthcare Staffing, LLC. The concerns that prompted Plaintiffs' original motion – namely, MedFirst's ability to fund a potential settlement – remain. In addition, as mentioned above, there is now a very real possibility that Defendant MedFirst has ceased operations altogether. In order to protect their claims as well as

those of the Opt-in Plaintiffs, Plaintiffs seek to add claims against Mr. Smith. The interests of justice favor granting Plaintiffs' request. This case is still at a fairly early stage, with only written discovery having been completed, and any further written discovery needed after the addition of Mr. Smith as a Defendant would be minimal. Nor should the addition of MedFirst's President and CEO come as a surprise, since he is a key figure in this case, and countersigned all the independent contractor agreements with Plaintiffs and Opt-in Plaintiffs.  In sum, Plaintiffs' request is timely, and will not cause undue delay or prejudice to the Defendant.

In addition, Plaintiffs' request to amend the Complaint is proper under Rule 16(b).[1] Rule 16(b), which governs scheduling orders, provides that such an order "may be modified upon a showing of 'good cause[.]'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16(b)). Specifically, the "district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). In this case, good cause exists to grant the Plaintiffs' proposed amendment because they only learned of MedFirst's financial condition a few months ago, in July, and sought amendment immediately thereafter. Plaintiffs now seek to renew their motion promptly after the Parties' second attempt at mediation proved unsuccessful, and upon learning that MedFirst may have now ceased operations altogether.

## II.    PROCEDURAL BACKGROUND

Plaintiffs originally filed this case in the District of Oregon on March 23, 2017. See Complaint, Dkt. 1. Plaintiffs brought claims for unpaid overtime on behalf of a nationwide FLSA

---

[1] The Court in its Order instructed Plaintiffs to address in their Renewed Motion to Amend the Rule 16(b) standard for modifying a scheduling order. See Dkt. 212. Plaintiffs do so in their Renewed Motion.

collective. This case was transferred to this District on October 17, 2017. Dkt. 59. The Court entered an order granting conditional certification on February 23, 2018 and notice went out to the Opt-in Plaintiffs on March 19, 2018. Dkts. 104, 111. More than 300 individuals opted into the case. Following the close of the opt-in period, the parties engaged in written discovery, with the named plaintiffs providing full discovery responses and the Opt-in Plaintiffs completing case information sheets. In May of 2019, in the course of their conferral process, Plaintiffs received data from Defendant regarding projects worked by Opt-in Plaintiffs during the time period covered by this case, and presented Defendant with their preliminary damages calculations In June 2019, the Parties agreed to explore mediation and stay the case for 60 days. Dkt, 201. The Court granted the parties' request and the case was stayed on June 10, 2019. Dkt. 202.

A mediation session was then scheduled to take place in Alabama on July 24, 2019 before Fern Singer. Days before the mediation session, on July 15, 2019, counsel for MedFirst informed counsel for Plaintiffs that MedFirst would not go forward with the mediation, and made clear that MedFirst's ability to fund a settlement was significantly limited. Plaintiffs filed a motion to amend the Complaint to add claims against Brian Smith individually. Dkt. 203. After a hearing, the Court denied Plaintiffs' Motion without prejudice, and encouraged the Parties to attempt to engage in mediation again. Dkt 212.

The Parties participated in a full-day mediation session with Fern Signer on September 24, 2019, and continued discussions with the mediator's assistance through the week of October 6, 2019, but were unable to resolve the case. See Dkt. 217. Most recently, Plaintiffs' Counsel received calls from several Opt-in Plaintiffs this week, informing them that MedFirst has ceased operations. See Savytska Decl. ¶ 2. Plaintiffs' Counsel reached out to counsel for MedFirst in an attempt to verify this information. Id. ¶ 3. Counsel for MedFirst did not provide an answer as to whether

MedFirst remains in operation. Id. In accordance with the Court's Order, Plaintiffs now seek to renew their motion to amend the Complaint.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely granted when justice so requires." Grounds for a denial of a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" Foman v. Davis, 371 U.S. 178, 182 (1962). "Th[e] policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner v. E. Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989).

Motions which seek to modify an existing scheduling order are governed by Fed. R. Civ. P. 16(b), which allows a scheduling order to be modified for "good cause." "'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order." Price v. Trans Union, LLC, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010) (collecting cases). Thus, "[t]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006).  Furthermore allowing amendment would promote judicial efficiency, since disallowing amendment would leave Plaintiffs with no other option except to file a second case against Brian Smith only to protect their rights.

## IV.    ARGUMENT

Plaintiffs' Motion to Amend is made in a timely manner, and will not cause undue delay or prejudice to the Defendant. Plaintiffs have filed their original Motion immediately after learning about MedFirst's financial issues, in order to protect their own claims, as well as those of the Opt-in Plaintiffs, in the event MedFirst ceases operations or declares bankruptcy. Plaintiffs are now seeking to renew their Motion shortly after concluding attempts to negotiate a resolution with MedFirst, and immediately after learning that MedFirst may no longer be in operation.  Plaintiffs and their counsel were not aware that MedFirst may be unable to satisfy a judgement until this summer, when counsel for MedFirst informed Plaintiffs' Counsel of the concerns about the company's financial condition. Plaintiffs' Counsel only learned this week of the possibility that MedFirst may be out of business. Savytska Decl. ¶ 2.

Plaintiffs' requested amendment meets the good cause standard under Rule 16(b) – Plaintiffs were not aware of any issues with MedFirst's financial condition either at the time they filed the case, or at the amendment deadline set by the Court (which was more than a year ago). As soon as Plaintiffs' Counsel learned of concerns about MedFirst's financials, they moved to amend the Complaint to add claims against Mr. Smith as a safeguard for the Plaintiffs' and op-ins' claims. Their request to add Mr. Smith as a Defendant has even more urgency now, since it appears that MedFirst may be out of business altogether.

In determining whether good cause exists, a court looks to whether Plaintiffs could have made the amendment sooner, or whether new information has come to light which justifies the late amendment. Thus for example, the Sixth Circuit found that good cause  existed "[g]iven the district court's view of the tolerance provision as a legal bar to Plaintiff's TILA claim as well the dearth of authority presented prior to the district court's April 11 dismissal order" and explained that "we do

not believe Plaintiff failed to act diligently in seeking to file an additional amended pleading several months after expiration of the deadline in the scheduling order." Inge v. Rock Fin. Corp., 281 F.3d 613, 626 (6th Cir. 2002). Similarly, a district court granted a motion to amend under Fed. R. Civ. P. 16(b) where "[d]efendants do not argue that Plaintiff knew of Hannings' comment prior to filing the case, was not diligent in her efforts to obtain discovery, or delayed filing her motion to amend the complaint once she became aware of the new information." Bowers v. Am. Heart Ass'n., Inc., 513 F. Supp. 2d 1364, 1368 (N.D. Ga. 2007). See also Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 633 (D. Minn. 2000)

("we look for 'good cause,' not for 'superlative cause.'").

Here, Plaintiffs were diligent in bringing the concerns about MedFirst's financial condition to the Court in a prompt fashion, and in acting upon the new information they obtained. Plaintiffs' Counsel had no indication, given MedFirst's aggressive litigation tactics and sweeping discovery requests, that the company was in any sort of financial trouble, and that it may be necessary to add the company's owner as a safeguard, prior to the summer of 2019. Plaintiffs' Counsel also became aware, only this week, of the possibility that MedFirst may be going out of business.

Courts evaluating motions to amend both under Rule 16(b) and Rule 15(a) also inquire whether a proposed amendment is futile. See Bowers, 513 F. Supp. 2d at 1368. Here, the proposed amendment would not be futile because Mr. Smith is an additional source from which any settlement or judgment in this case will be satisfied. Specifically, in the event that MedFirst ceases operations, Mr. Smith will be the remaining Defendant available to fund a settlement or judgment. Mr. Smith has indicated on his LinkedIn profile that he owns several million-dollar businesses outside of MedFirst. Savytska Decl. Ex. 2. In sum, the proposed amendment is proper under Rule 16(b).

The proposed amendment is also warranted under Fed. R. Civ. P. 15(a). Conditional certification was granted in this case in February 2018 and the opt-in period closed in June 2018. While the parties have exchanged written discovery, no depositions have taken place in this case to date, and the parties had agreed to stay all deadlines in the case to explore mediation, which was originally scheduled for July 24 (which MedFirst called off); and stayed the case again for a mediation session that took place on September 24. As such, Plaintiffs' motion should be granted.

Plaintiffs' proposed amendment is timely. The significant events in this case to date have been the order granting conditional certification and exchange of written discovery. No depositions have been taken in this case to date, and class certification and summary judgment briefing is still ahead. No significant further written discovery will be needed following the addition of Mr. Smith as a Defendant, since the individual liability claims which Plaintiffs seek to add against Mr. Smith are based on the same underlying events and facts alleged in the Plaintiffs' original complaint.

For similar reasons, MedFirst will not be prejudiced by the proposed amendment. The discovery period in this case is still ongoing, and the only significant motion practice has been related to the transfer of the case and Plaintiffs' Motion to Conditional Certification. The amendment sought by Plaintiffs will add MedFirst's key figure – its CEO and president – to the case. (Mr. Smith's home is in fact the location of MedFirst's corporate headquarters.) This amendment should therefore come as no surprise.

Plaintiffs' amendment is made in good faith, in order to protect their claims, and those of the Opt-in Plaintiffs, in this case. This case is still at a relatively early stage, and Plaintiffs' proposed amendment will not cause any obstacles or delays that would justify denial of Plaintiffs' motion. On the other hand, if Plaintiffs' request is denied, they and the Opt-in Plaintiffs would have no protection in the event MedFirst closes its doors or declares bankruptcy, an event that

appears increasingly likely. The interests of justice therefore weigh in favor of granting Plaintiffs'

proposed amendment.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend their Complaint to add Brian

Smith as a Defendant should be granted.

Dated: October 24, 2019                          Respectfully Submitted,

   /s/Olena Savytska

Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
osavytska@llrlaw.com

David A. Hughes (HUG038)
HARDIN & HUGHES, LLP
2121 14th St.
Tuscaloosa, AL 35401
(205) 344-6690
dhughes@hardinhughes.com

David M. Blanchard
Daniel C. Tai
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, Michigan 48104
 (734) 929-4313
blanchard@bwlawonline.com
tai@bwlawonline.com

Sarah R. Schalman-Bergen
Alexandra Piazza
BERGER MONTAGUE PC
1818 Market Street, Suite 3600

Philadelphia, PA 19103
(215) 875-3000
sschalman-bergen@bm.net
apiazza@bm.net

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that October 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Defendant.

  /s/Olena Savytska
Olena Savytska

10