FILED
2019 Dec-10 PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JILL KILEY, et al., | } |
| | } |
| Plaintiffs, | } |
| | } |
| v. | } Case No.: 2:17-cv-01756-RDP |
| | } |
| MEDFIRST CONSULTING | } |
| HEALTHCARE STAFFING, LLC, | } |
| | } |
| Defendant. | } |

**MEMORANDUM OPINION**

This case is before the court on Plaintiffs' Renewed Motion to Amend Complaint (Doc. # 218). The Motion has been fully briefed (*see* Docs. # 218, 219, 220, 221, and 222) and is ripe for review. For the reasons discussed below, the Motion is due to be granted.

**I.      Background**

Plaintiffs have moved to amend their complaint to add as a defendant Brian Smith, the President and CEO of MedFirst Consulting Healthcare Staffing, LLC ("Defendant"). (Doc. # 218 at 2). Specifically, Plaintiffs argue that under Federal Rule Civil Procedure 15(a) and 16(b), the court should allow them to amend their complaint and name Smith as a party because they have received information that Defendant ceased all operations, thus foreclosing the ability for a potential settlement. (*Id.*). Defendant objects to Plaintiffs' Motion, stating that Plaintiffs have failed to satisfy the Eleventh Circuit's "due diligence" standard for amendment of the pleadings after the deadline set by the court's Scheduling Order. Defendant further contends that Plaintiffs "have long understood that [Defendant] has minimal resources and faces financial limitation." (Doc. # 219 at 1, 3). Defendant also asserts that it has not ceased operations; it is only

experiencing a slow-down of available projects. (Doc. # 219 at 4; Doc. # 220 at 2, ¶ 4).

II.   **Standards of Review**

   A.   **Federal Rule of Civil Procedure 16(b)**

District courts are required to "enter a scheduling order that limits the time to . . . join other parties and to amend the pleadings . . . ." Fed. R. Civ. P. 16(b). Scheduling orders "control the subsequent course of the action unless modified by a subsequent order," *see* Fed. R. Civ. P. 16(e), and may be modified only "upon a showing of good cause" and "consent from the court." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16(b)); *Volvo Fin. Servs. v. JRD Contracting, Inc.*, 2018 WL 1913550, at * 1 (S.D. Ala. Feb. 15, 2018). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id.* (citing Fed. R. Civ. P. 16 advisory committee's note); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). "[D]iligence, not lack of prejudice, is the key to the Rule 16(b)(4) inquiry." *Volvo Fin. Servs.*, 2018 WL 1913550, at * 1 (quoting *Rogers v. Hartford Life and Acc. Ins. Co.*, 2012 WL 2395194, *3 (S.D. Ala. June 22, 2012)).

   B.   **Federal Rule of Civil Procedure 15(a)**

Rule 15 instructs that a court should freely give leave to amend when justice so requires. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In light of Rule 15(a)'s liberal approach to granting leave to amend, the Eleventh Circuit has generally required a substantial reason to justify denial of leave to amend. *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008); *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989). For example, a court may deny leave to amend (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to

cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam); *see also Foman*, 371 U.S. at 182.

A district court may, in the exercise of its inherent power to manage the conduct of litigation before it, deny leave to amend a complaint, so long as it does not outright refuse to grant the leave without any justifying reason. *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Reese*, 527 F.3d at 1263.

### III. Analysis

At the outset, if a "motion to amend [is] filed after the scheduling order's deadline, [a plaintiff] must first demonstrate good cause under Rule 16(b) before [the court] will consider whether [the] amendment is proper under Rule 15(a)." *Sosa*, 133 F.3d at 1419; *see also Mann v. Taser Intl., Inc.*, 588 F.3d 1291, 1312 (11th Cir. 2009) (ruling that when a request to amend "comes long after the deadlines for filing motions to amend established in the scheduling order[ ] entered in this case," the plaintiff is "required to show good cause under Federal Rule of Civil Procedure 16(b)"); *Dozier v. Rowan Drilling Co., Inc.*, 397 F. Supp. 2d 837, 855 (S.D. Tex. 2005) ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." (quoting *S & W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003))).

#### A. Plaintiffs Have Shown Good Cause Under Rule 16(b)

On August 13, 2019, the court denied without prejudice Plaintiffs' first motion to amend their complaint, stating that if it was appropriate, Plaintiffs could refile the motion in accordance with applicable standards (*i.e.*, adherence to Rule 16(b)). (Doc. # 212). Plaintiffs now argue that

3

they can show "good cause" because they just recently discovered (in October 2019) that Defendant may no longer be in operation. (Doc. # 218 at 6). Defendant, however, counters this assertion by providing sworn testimony that Defendant has not ceased operations,[1] and, in any event, asserts that Plaintiffs knew about Defendant's financial situation from a very early point in the litigation but did nothing to join Smith. (Doc. # 219 at 3).

Plaintiffs acted promptly after receiving information indicating that Defendant may have ceased (or at least scaled back) operations. While Defendant denies it has ceased operations, Plaintiffs are entitled to discovery on the merits, which is still ongoing, to explore the financial status of Defendant.

Based on the record, the court concludes that Plaintiffs acted with sufficient diligence in filing their Motion to Amend the Complaint after receiving information from an opt-in Plaintiff that Defendant's company may have ceased operations. *See Allstate Ins. Co. v. Regions Bank*, 2014 WL 4162264, at *8 n.5 (S.D. Ala. Aug. 19, 2014) ("[P]laintiff showed good cause for untimely amendment of complaint where plaintiff had learned new information on which amendment was based at deposition eight days prior to moving for leave to amend") (citing *Bowers v. American Heart Ass'n, Inc.*, 513 F.Supp.2d 1364, 1368 (N.D. Ga. 2007)); *Id.* ("The moving party may demonstrate 'good cause' by moving to amend promptly after the discovery of new evidence following the scheduling deadline." (quoting *Kodak Graphic Commc'ns Can. Co. v. E.I. du Pont de Nemours and Co.*, 2011 WL 4711968, at *5 (W.D.N.Y. Sept. 23, 2011))). Therefore, good cause is present here. The inquiry now turns to whether Plaintiffs can satisfy the standards set out in Rule 15(a).

---

[1] Smith testified that MedFirst is "a service-based company, and its business is dictated by the needs of the healthcare facilities[.] [T]he business fluctuates substantially depending on a number of circumstances and gaps in the project work do occur." (Doc. # 220 at 2, ¶ 4).

## B. Plaintiffs Are Permitted to Amend Under Rule 15(a)

Under Rule 15, "trial courts have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006). "[T]he leave sought should, as the rules require, be 'freely given.'" *Id.*; *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) ("Leave to amend should be liberally granted when necessary in the interest of justice. [U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." (citing Federal Rule Civil Procedure 15(a))). "In exercising its discretion, the trial court may consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 622-23 (11th Cir. 1983) (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)).

In considering Plaintiff's Motion, the record does not reflect "bad faith or dilatory motive on the part of the movant." *Best Canvas*, 713 F.2d at 622-23 (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)). While there may be evidence of some delay, as Plaintiffs did not request to join Smith as a defendant in their initial complaint, first amended complaint, or second amended complaint, this does not rise to the level of "undue" delay to warrant the denial of Plaintiffs' Motion to Amend Complaint. *See Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001) ("The lengthy nature of litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend their complaint."); *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995) (holding that the plaintiff's actions did not constitute undue delay, but even if

they had, the defendant would not be prejudiced from any resulting delay because the case is in the early stages of litigation).

Additionally, there is no evidence that unfair prejudice would result from Plaintiffs amending their pleadings. This case was previously stayed and is still in the early stages of discovery. The discovery deadline is not until February 13, 2020, and many depositions, including Smith's, have not yet been taken. (Docs. # 182; 222). The deadline to file any dispositive motions is not until April 21, 2020. (*Id.*). And, Smith has been aware of this matter since its inception.

Relatedly, Defendant would not be prejudiced by Smith being joined as a defendant because Smith, as the CEO and sole member of MedFirst, would be deposed regardless, and there would be minimal additional discovery conducted if he is made a party.

Moreover, "[t]he FLSA creates a private right of action against any 'employer' who violates its minimum-wage or overtime provisions. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013) (citing 29 U.S.C. § 216(b)). "The Act defines the term employer broadly to include both the employer for whom the employee directly works as well as any person acting directly or indirectly in the interests of an employer in relation to an employee." *Id.* (international quotation marks omitted). Here, the question of whether Smith is Plaintiffs' employer is properly addressed at another stage of this litigation, but there is no indication that Defendant would be prejudiced by joining Smith as a defendant.

Thus, after careful review, the court concludes that Plaintiff's Motion to Amend/Correct Complaint (*see* Doc. # 218) is due to be granted. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this December 10, 2019.

                                                _____
                                                **R. DAVID PROCTOR**
                                                UNITED STATES DISTRICT JUDGE