# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JILL KILEY, et al.,** | } |
| Plaintiffs, | } |
| v. | } Case No.: 2:17-cv-01756-RDP |
| **MEDFIRST CONSULTING HEALTHCARE STAFFING, LLC,** | } |
| Defendant. | } |

## ORDER

The court, having considered the Joint Motion for Approval of FLSA Collective Action Settlement Agreement (Doc. # 236), hereby **GRANTS** the Motion **IN PART** and **ORDERS** as follows:

1. The Parties' FLSA Collective Action Settlement Agreement is hereby **APPROVED**.

2. To be sure, FLSA settlements are subject to approval. As the Eleventh Circuit has stated:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 21(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Lynn's Food, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982). In considering FLSA settlements, courts generally consider whether a proposed agreement "is more likely to reflect a reasonable compromise of disputed issues than the mere waiver of statutory rights brought about by an overreaching employer." *Id*. at 1352-53. And, contrary to the process used when a Rule 23 class is settled, in FLSA settlements, there is no formalized notice and opt-out process. After all, there are no absent class members in FLSA cases; each plaintiff in an FLSA case – both in an individual action and in a collective action – is an active litigant. That means that an FLSA plaintiff can be bound by a settlement only if he or she individually agrees to it.

3. Here, all Plaintiffs have agreed to the settlement, and after careful review, the court **CONCLUDES** that the settlement is a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act, and not a mere waiver of statutory rights. This case has been vigorously litigated by the parties. And, this compromise is the product of arms-length negotiations supervised by a neutral mediator, Ed Gentle.

4. The proposed service awards in the amount of $5,000.00, each to Plaintiffs Jill Kiley and Marcus Payne, and $3,000.00 each to Plaintiffs Brittney Relliford, Babatunde Olaseinde and Robert Farley, to be paid from the Gross Settlement Amount, for their service to the Settlement Collective are hereby **DISALLOWED**. Service awards are not permitted in this circuit. *See Johnson v. NPAS Sols., LLC*, 2020 WL 5553312 (11th Cir. Sept. 17, 2020).[1]

---

[1] Of course, nothing in this Order precludes the parties from agreeing that additional consideration will be paid to Kiley, Payne, Relliford, Olaseinde, and/or Farley in exchange for matters not directly related to their FLSA claims, such as the execution of a broader release of claims. Such a payment does not require the court's approval because it is not made in exchange for the release of any FLSA claim. To the extent the parties have agreed to such a payment, and to the extent those individuals have executed a general release, that is a matter of contract between them. Of course, such payments cannot be characterized as compensation for a service to the class.

5.      Plaintiffs' unopposed request for attorneys' fees, in the amount of $150,000.00 and out-of-pocket costs and expenses of $20,000.00,[2] both of which are to be paid from the Gross Settlement Amount, is hereby **APPROVED**.

6.      This action is hereby **DISMISSED WITH PREJUDICE**.

7.      The court reserves exclusive and continuing jurisdiction over this collective action, the Plaintiffs, and the Settlement Collective for purposes of supervising the implementation and enforcement of the Settlement Agreement, this Order, and all settlement administration matters.

**DONE** and **ORDERED** this October 22, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs' counsel has represented to the court that their expenses exceed $20,000.00, but they have agreed to cap their recovery to that amount.